**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEI LING,<br><br>         Plaintiff - Appellant,<br><br> v.<br><br>CITY OF LOS ANGELES, California;<br>COMMUNITY REDEVELOPMENT<br>AGENCY OF THE CITY OF LOS<br>ANGELES; REDROCK NOHO<br>RESIDENTIAL, LLC; JSM<br>FLORENTINE, LLC; LEGACY<br>PARTNERS RESIDENTIAL, INC.; FPI<br>MANAGEMENT, INC.; GUARDIAN<br>KW NOHO, LLC,<br><br>         Defendants - Appellees. | No. 12-57263<br><br>D.C. No. 2:11-cv-07774-SVW-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 4, 2015
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: KLEINFELD and NGUYEN, Circuit Judges, and CARR, Senior District Judge.[***]

Mei Ling appeals the district court's grant of summary judgment to all the defendants in this case to her federal Fair Housing Act ("FHA") claims and substantially similar state claims against the owners and managers of The Lofts and NoHo 14, and her Section 504 Rehabilitation Act claims against the City of Los Angeles (the "City") and its Community Redevelopment Agency (the "CRA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1047 (9th Cir. 2008), and we affirm.

We agree with the district court that Ling failed to present evidence that exempting her from the lottery for the affordable units at NoHo 14 was necessary to give Ling an equal opportunity to rent an affordable unit at NoHo 14. We also agree that it was not necessary for her to be offered a Pantages one-bedroom unit that was not part of the affordable program to be able to have an equal opportunity to enjoy a unit at The Lofts. Ling has also failed to show that it was reasonable to require The Lofts to either provide her a market-rate Pantages unit at an affordable

[***] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

price or renegotiate its covenant with the CRA to substitute a market-rate Pantages unit for one of the affordable units. See Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1179 (9th Cir. 2006).

The NoHo 14 manager's receipt of information, whether accurate or not, that Ling and others were blocking the doors to the building was a legitimate, non-discriminatory reason for calling the police. Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001). The burden then shifted to Ling to demonstrate "that the reason was merely a pretext for a discriminatory motive." Id. She failed to do so.

The Lofts, not NoHo 14, received federal funds. We agree with the district court that the City and the CRA did not violate Section 504 regarding the The Lofts. Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir. 1999). Ling was not otherwise qualified to rent a Pantages unit, and she was denied the inclusion of the Pantages unit in the affordable program because of the limitation of The Lofts' covenant with the CRA and not because of her disability.

**AFFIRMED**

3